IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMON R. SMITH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 3:22-cv-10 |
| | : | |
| v. | : | **PLAINTIFF DEMANDS TRIAL** |
| | : | **BY JURY** |
| NORFOLK SOUTHERN | : | |
| RAILWAY COMPANY, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT-CIVIL ACTION**

COMES NOW the Plaintiff, Carmon R. Smith ("Plaintiff" or "Smith"), by counsel, and files this Complaint against the Defendant Norfolk Southern Railway Company ("NS") and respectfully moves this Court for entry of judgment against Defendant for the following reasons:

1.  This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

### Parties

2.  Norfolk Southern Railway Company ("NS") is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, which has been duly authorized to conduct business in the Commonwealth of Pennsylvania, and at all times relevant hereto the Defendant has been doing business within the jurisdiction of this Court as a common carrier of interstate commerce and has been engaged in interstate commerce and transportation.

3.  Plaintiff resides in Huddleston, Virginia and was, at all times relevant hereto, an employee of NS.

- 1 -

Jurisdiction & Venue

4. At all times relevant hereto, NS was regularly, purposefully, and systematically conducting its business within Blair County and within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate and intrastate commerce.

Background Facts

5. At all relevant times hereto, Plaintiff was employed by the Defendant as a machinist working in the Defendant's Juniata shop in Altoona, Pennsylvania.

6. On January 12, 2021, and in the course of his employment, Plaintiff was operating a wheelset dismount press, a machine used to remove railcar wheels and gears from their axles.

7. The wheelset press malfunctioned during use, causing Smith's left arm to become trapped between the frame of machine and the wheel, fracturing his left wrist.

8. Prior to the January 12, 2021 incident described above, Norfolk Southern was aware of various malfunctions relating to the wheelset press.

9. Norfolk Southern failed to adequately address these various malfunctions.

COUNT I
(*FELA & Negligence against NS*)

10. Paragraphs 1 – 9 are hereby re-alleged and incorporated herein.

11. The FELA is remedial legislation enacted by the United States Congress in 1908 and liberally amended in 1939 to compensate railroad workers for personal injuries and occupational diseases suffered in the course of their employment.

12. Railroad workers covered under the Act are not eligible for state workers' compensation and FELA provides the sole remedy against their railroad employers for job-related injuries.

13. Under FELA, railroads such as the defendant may not delegate the duty to provide employees with a reasonably safe work place.

14. As part of its FELA duties, a railroad is obligated to provide a workplace that is reasonably free of unsafe conditions and safety hazards, to provide and maintain safe equipment and tools, to warn employees of any unsafe conditions and hazards, and to inspect the workplace and equipment to make sure it is free of dangers known or reasonably foreseeable to the railroad.

15. Plaintiff's duties with NS, at all times relevant hereto, were "in furtherance of interstate commerce" as contemplated by FELA § 51.

16. At the time of the accident described herein, Plaintiff was working for NS "in interstate commerce" as contemplated by FELA § 51.

17. At the time of the accident described herein, Plaintiff's duties with NS "directly and substantially affected" interstate commerce as contemplated by FELA § 51.

18. Plaintiff's accident and injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

19. The incident described in the preceding paragraphs was caused in part by the negligence and carelessness of NS, who, acting through its agents and employees:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. Negligently and carelessly failed to inspect, monitor, test, and/or maintain the equipment with which Plaintiff was assigned to work;

    c. Failed to provide Plaintiff with adequate equipment;

    d. Provided Plaintiff with defective equipment;

    e. Negligently and carelessly failed to provide adequate or sufficient supervision and/or training;

    f. Negligently and carelessly failed to warn Plaintiff of foreseeable dangers;

      g.    Negligently and carelessly failed to promulgate and enforce appropriate rules, regulations, policies and procedures for the safe and proper performance of its work;

      h.    Failed to provide adequate assistance; and

      i.    Was otherwise negligent through the acts and/or omissions of its agents, officers, employees, managers, supervisory personnel, and/or others.

17.    On January 12, 2021, NS failed to comply with the provisions of the FELA, 45 U.S.C. §§ 51-60, as amended.

18.    As a direct result of the aforesaid negligence and FELA violations by Norfolk Southern Railway Company, acting through its agents and employees, Plaintiff was seriously and permanently injured. He has suffered physical pain, discomfort, psychological and emotional injury, mental anguish, and these will or may continue in the future; he has incurred substantial expenses for treatment by physicians and related medical care, and in the future he will or may likely continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time and income, as well as other benefits from his employment; he has suffered a loss of earning capacity; and he has been unable to perform many of the usual personal affairs of a man of his age and position in life and, in the future, he will or may continue to be unable to perform such affairs.

## Jury Demand

Plaintiff Carmon Smith hereby demands trial by jury.

## Prayer for Relief

Plaintiff Carmon Smith respectfully requests that he be awarded judgment against Norfolk Southern Railway Company in the amount of in an amount to be determined by a jury, but asserted

to be in excess of seventy-five thousand ($75,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances of this case.

    Respectfully submitted,
    CARMON SMITH

    <u>/s/ John H. Coston IV</u>
    John H. Coston IV (VSB # 83774)
    THE MOODY LAW FIRM
    500 Crawford Street, Suite 200
    Portsmouth, Virginia 23704
    Phone: (757) 393-4093
    Fax: (757) 397-7257
    jcoston@moodyrrlaw.com

    *Attorneys for Plaintiff*